# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. JOHNSON, SR., | Case No. 1:14-cv-00643-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| SEXTON, et al., | (Doc. 15) |
| Defendants. | |

### Second Screening Order

**I.   Procedural History**

Plaintiff Anthony E. Johnson, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2014. On February 17, 2015, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. After obtaining two extensions of time, Plaintiff filed an amended complaint on August 7, 2015.

**II.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Summary of Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at Folsom State Prison, brings this action against Associate Warden Sexton and Correctional Officer Rubio for violating his rights at California State Prison-Corcoran ("CSP-Corcoran"). In his original complaint, Plaintiff alleged that he was transported to CSP-Corcoran on September 13, 2013, and he repeatedly attempted, unsuccessfully, to obtain the inventory form for his personal and legal property. Plaintiff then pursued an inmate appeal regarding the matter. The Court was unable to discern the factual basis underlying Plaintiff's allegation that prison staff violated his First and Fourteenth Amendment rights, and it dismissed the complaint with leave to amend.

In his amended complaint, Plaintiff alleges that when he arrived at CSP-Corcoran on September 13, 2013, he was placed in a holding tank across from Defendant Rubio, who was the only officer on duty processing approximately seven other inmates. Plaintiff requested his legal material and stated he had an upcoming hearing. Defendant Rubio informed Plaintiff he would take care of Plaintiff's property until Plaintiff was seen by the Institutional Classification Committee within the next seven to twelve days. Plaintiff then requested a copy of his up-to-date intake 1083 inventory sheet. At approximately 5:00 p.m., an escort officer arrived for Plaintiff.

Plaintiff alleges that Defendant Rubio violated his rights to due process and of access to the courts with respect to the legal material he needed to pursue a court date. Plaintiff further alleges that Defendant Rubio had a duty and a responsibility to provide inmates with copies of their 1083 inventory sheets after he completed the receiving and release process, but he failed to do so. Plaintiff thereafter attempted to obtain access to his legal material and personal property via the request form 22 process. Plaintiff alleges that he was never given a fair chance to pursue redress through the 602 appeal process, in violation of his right to due process.

### B.     No Cognizable Constitutional Violations Alleged

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. However, to the extent that the violation of a state law – including prison regulations - amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress. *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) (quotation marks and citations omitted); *accord Nurre*, 580 F.3d at 1092; *Ove v. Gwinn*, 264 F.3d 817, 824-25 (9th Cir. 2001); *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).

Plaintiff's claims suffer from the same deficiencies identified in the first screening order. Specifically, section 1983 provides no redress regarding any lost property; neither negligent nor intentional loss or theft triggers the protections of the federal Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Nevada Dept. of Corrections v. Greene*, 648

F.3d 1014, 1019 (9th Cir. 2011); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Moreover, Plaintiff had no federally-protected right to receive a property inventory receipt prior to his escort, and Defendant Rubio's alleged violation of prison regulations in that regard is not redressable under section 1983.

Section 1983 also provides no redress to the extent Plaintiff's claim arises from his dissatisfaction with the inmate appeals process, as the existence of an appeals process creates no substantive rights. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff appears to be alleging a due process violation with respect to the appeals process but this claim fails as a matter of law, as Plaintiff lacks a protected liberty interest in the processing of his appeal. *Ramirez*, 334 F.3d at 860.

Finally, although Plaintiff mentions access to the courts and his legal material, his amended complaint contains no facts supporting a constitutional claim arising out of denial of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011); *Greene*, 648 F.3d at 1018. To the contrary, the legal issue of concern appears to be Plaintiff's request for resentencing under Proposition 36 and his Exhibit B evidences the appointment of counsel to represent him on August 20, 2014, undercutting any intimation that a disruption in access to his legal material in September 2013 resulted in actual injury to him. *Lewis*, 518 U.S. at 349; *Silva*, 658 F.3d at 1104; *Greene*, 648 F.3d at 1018.

## IV.  **Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with an opportunity to amend but he was unable to cure the deficiencies in his claims. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Based on the nature of the deficiencies,

///

///

///

///

4

1 | further leave to amend is not warranted and this action is HEREBY DISMISSED, with prejudice,
2 | for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **August 21, 2015**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE